UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK O'BRIEN,

    Plaintiff,

v.                                        Case No. 3:16-cv-00615-J-34MCR

BOOTHWYN PHARMACY LLC,
LOUIS MICOLUCCI and LOU
CHIARELLI,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. No. 3; Motion) filed on May 19, 2016. In the Motion, Defendants request that the Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(3), Fed. R. Civ. P., on the grounds of forum non conveniens. See Motion at 1. On July 1, 2016, Plaintiff filed a response in opposition to the Motion. See Plaintiffs [sic] Memorandum in Opposition to Defendants [sic] Motion to Dismiss Plaintiff's Complaint (Doc. No. 9; Response). Subsequently, on July 28, 2016, with leave of Court, see Order (Doc. No. 13), Defendants filed their Reply to Plaintiff's Memorandum in Opposition (Doc. No. 16; Reply). Accordingly, the Motion is ripe for resolution.

**I.    Factual Background and Procedural History**

In the Complaint and Demand for Jury Trial (Doc. No. 2; Complaint), Plaintiff Patrick O'Brien (O'Brien) asserts that, from January 2015 to March 2016, he was employed by Defendant Boothwyn Pharmacy LLC (Boothwyn), a limited liability

1

corporation engaged in the pharmacy business. Complaint ¶¶ 6-8. Specifically, O'Brien alleges that he held the position of pharmaceutical sales representative. Id. ¶ 8. According to O'Brien, between July 2015 and March 2016, Boothwyn's directors, Defendants Louis Micolucci and Lou Chiarelli (collectively, Defendant Directors), violated certain statutes, rules, and regulations applicable to the pharmacy industry through their management and operation of Boothwyn. Id. ¶¶ 10, 11-22. O'Brien further alleges that, after he voiced his objections to the alleged misconduct to both his immediate supervisor and the Defendant Directors, Boothwyn summarily terminated his employment. Id. ¶ 24. According to O'Brien, the Defendant Directors have since made false and defamatory statements to O'Brien's customers, associates, and potential employers regarding O'Brien and his job performance. Id. ¶¶ 25-27.

Based on these allegations, on April 21, 2016, O'Brien filed his two count Complaint in the Fourth Judicial Circuit in and for Duval County, Florida. See id. at 1. In Count One, O'Brien asserts a violation of Florida's private sector Whistle-blower's Act under Florida Statutes section 448.102. See id. ¶¶ 28-39. In Count Two, he asserts a claim for slander per se against the Defendant Directors individually. See id. ¶¶ 40-44. O'Brien served Defendants with the Complaint on April 26, 2016. See Defendant's Notice of Removal (Doc. Nos. 1, 1-1; Notice of Removal) at 6. On May 18, 2016, Defendants removed the case to this Court. Id. Thereafter, on May 19, 2016, Defendants filed the instant Motion.

## II. Discussion

Upon review of the Motion, the Response, and the Reply, the Court determines that the Motion is due to be denied because the principle of forum non conveniens is

inapplicable under the circumstances of this case. "Forum non conveniens is an ancient common law doctrine that permits a court to decline jurisdiction over a case, even if personal jurisdiction and venue are otherwise proper, when there is a more convenient forum for the case to be litigated." Esfeld v. Costa Crociere, S.P.A., 289 F.3d 1300, 1302 n.4 (11th Cir. 2002). In diversity actions, district courts apply federal law governing forum non conveniens. See id. at 1315. Before 28 U.S.C. § 1404 was enacted, federal courts used the doctrine of forum non conveniens to dismiss actions that properly could have been brought in another United States District Court. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 512 (1947) (approving application of forum non conveniens to dismiss a diversity action filed in the Southern District of New York, where venue was proper, because a Virginia state or federal court would have provided a more convenient forum for the action). However, "[s]uch a dismissal would be improper today because of the federal venue transfer statute, 28 U.S.C. § 1404(a): 'For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'"[1] Am. Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994) (quoting 28 U.S.C. § 1404(a)). Indeed, section 1404(a) gives district courts "'more discretion to transfer . . . than they had to dismiss on grounds of forum non conveniens.'" Id. (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981)). Thus, "[t]he common-law doctrine of forum non conveniens 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience

---

[1] Section 1404 was amended in 2011. The current version of the statute permits a district court to transfer an action to any district or division "where it might have been brought" or "to which all parties have consented." 28 U.S.C. § 1404(a) (2011).

best." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007) (quoting Am. Dredging, 510 U.S. at 449 n.2) (alteration in Sinochem).  As such, because Defendants assert that Pennsylvania's courts would provide a more convenient forum for this action, Defendants' request that this action be dismissed under the doctrine of forum non conveniens is misplaced.

While not explicitly stated anywhere in Defendants' Motion or Reply, see generally Motion; Reply, it is possible that Defendants seek a more convenient forum in Pennsylvania's state courts.  However, the doctrine of forum non conveniens generally applies only when the proposed alternative forum is abroad.  Vanderbilt Mortg. & Fin., Inc. v. Crosby, No. CA14-00259, 2014 WL 5456544, at *5 (S.D. Ala. Oct. 22, 2014) (citing Sinochem, 549 U.S. at 430); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 722 (1996) ("[T]o the extent we have continued to recognize that federal courts have the power to dismiss damages actions under the common-law forum non conveniens doctrine, we have done so only in 'cases where the alternative forum is abroad.'" (citations omitted)); McLane v. Marriott Int'l., Inc., 547 Fed. App'x 950, 953 (11th Cir. Dec. 11, 2013) (unpublished opinion) ("Under the doctrine of forum non conveniens, 'a federal district court may dismiss an action on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy.'" (citation omitted); Doran v. City of Clearwater, Fla., 814 F. Supp. 1077, 1078 (M.D. Fla. 1993) ("The application of the doctrine of forum non conveniens to dismiss this case or to remand to State court would be improper."). Defendants cite no authority supporting dismissal for the purpose of proceeding with this matter in another domestic venue.  Rather, all of the relevant cases upon which they rely consider transfers to an alternative forum in a foreign country.  See

generally Motion. Moreover, they have made no attempt to show that this case might be one of those "rare instances where a state or territorial court serves litigation convenience best." Sinochem, 594 U.S. 430. As such, the request for dismissal on the basis of forum non conveniens is due to be denied.

Rather than seek dismissal, Defendants instead could have requested a transfer of venue pursuant to 28 U.S.C. § 1404(a); however, they did not do so. As a result, Defendants failed to provide the Court with the information necessary to make an informed decision as to whether a transfer of venue might be appropriate. Specifically, Defendants failed to address a number of factors[2] that this Court would be required to consider in determining "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice." Eye Care Int'l, Inc. v. Underhill, 119 F. Supp. 2d 1313, 1318 (M.D. Fla. 2000); see also Bookworld Trade, Inc. v. Daughters of St. Paul, Inc., No. 8:06-CV-1746-T-27MAP, 2006 WL 3333718, at *1 (M.D. Fla. Nov. 16, 2006). Notably, two of the cases cited by O'Brien in the Response directly addressed § 1404. See Response at 3-4 (citing In re Hudson, 710 F.3d 716, 718 (7th Cir. 2013); Edens Techs v. Kile, Goekjian, Reed & Mcmanus, PLLC, 671 F. Supp. 2d. 170, 173 (D. Me. 2009)). Indeed, in Hudson the Seventh Circuit Court of Appeals noted that § 1404 had

---

[2] These factors include the following:

"(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances."

Colo. Boxed Beef Co. v. Coggins, No. 8:07-CV-223, 2007 WL 917302, at *3 (M.D. Fla. March 23, 2007) (quoting Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

"displaced" the doctrine of <u>forum non conveniens</u> when determining one federal district court rather than another to be a superior forum. <u>Hudson</u>, 710 F.3d at 718. Despite this, and despite being given leave to file the Reply, Defendants failed to modify the relief requested or otherwise address the propriety of transfer pursuant to § 1404. In light of Defendants' failure to make an affirmative request for a transfer of venue or adequately address the relevant factors, the Court declines to <u>sua sponte</u> construe the Motion as one seeking a transfer of venue under § 1404, rather than from one seeking dismissal pursuant to the doctrine of <u>forum non conveniens</u>. Accordingly, Defendant's Motion is due to be denied. Therefore, it is

**ORDERED**:

    1. Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. No. 3) is **DENIED**.

    2. Defendant shall respond to Plaintiff's Complaint in accordance with the applicable Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on November 2, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Counsel of Record